**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

|  |  |  |
|---|---|---|
| ALICE BROWN BLANKENSHIP, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:19-cv-78-JDK-KNM |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § § § | |
| Defendant. | § § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This Social Security appeal was referred to United States Magistrate Judge K.

Nicole Mitchell pursuant to 28 U.S.C. § 636.  On September 4, 2020, the Magistrate

Judge issued a Report and Recommendation (Docket No. 16), recommending that the

Commissioner's final decision be affirmed, and that this action be dismissed with

prejudice.  Plaintiff filed written objections on September 17, 2020 (Docket No. 17).

In her objections, Plaintiff re-urges arguments that she raised in her brief.

Plaintiff asserts that the ALJ erred by failing to include the need for an assistive

device for ambulation in the residual functional capacity ("RFC") finding. Specifically,

Plaintiff submits that the ALJ failed to address the medical opinion of a consultative

examiner, Dr. Nielsen, that Plaintiff requires an assistive device for ambulation.

Plaintiff has not shown, however, that Dr. Nielsen provided a "medical opinion," as

that term is defined in 20 C.F.R. § 404.1527. "Medical opinions are statements from

acceptable medical sources that reflect judgments about the nature and severity of [a

1

claimant's] impairment(s), including [her] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1).    Dr. Nielsen provided examination notes and recited Plaintiff's subjective statements concerning her ability to walk, sit, and drive.  *See* Administrative Record, Docket No. 11-7, at *211–215.   After reciting Plaintiff's subjective limitations, he included a statement that Plaintiff uses a cane in her right hand and that he believes she requires the cane due to her COPD and back/knee issues.  *Id.* at *214.  Dr. Nielsen did not provide a judgment concerning the nature and severity of Plaintiff's impairments, her abilities, or her physical restrictions.  Dr. Nielsen outlined his examination and Plaintiff's subjective symptoms, but he did not offer any opinions concerning Plaintiff's work limitations.  As such, his medical evaluation is not a medical opinion.  *See, e.g.*, *Winston v. Berryhill*, 755 F. App'x 395, 402 (5th Cir. 2018) (unpublished).

Plaintiff also submits that her physician, Dr. McMullen, prescribed a walker for her.  The record does not support that assertion.  The examination notes from Plaintiff's first visit with Dr. McMullen include a notation for Plaintiff to visit the local DME for a walker, but there is no record that Dr. McMullen prescribed the walker or otherwise provided a medical opinion concerning its necessity.  *See* Administrative Record, Docket No. 11-8, at *172.  The ALJ properly considered Plaintiff's subjective limitations, including her use of a walker, together with the objective medical evidence and the RFC finding is supported by substantial evidence.

Plaintiff next argues that the ALJ erred by failing to include manipulative limitations in the RFC to address her shoulder pain.  Plaintiff asserts that an agency consultative physician, Dr. Ligon, included manipulative limitations in his opinion concerning her RFC that would limit Plaintiff to occasional right overhead reaching. The ALJ weighed Dr. Ligon's opinion with the medical opinion that was provided by another agency consultative physician, Dr. Fritz, on reconsideration.  Dr. Fritz did not find that manipulative limitations were necessary.  Deference is given to the Commissioner to resolve conflicts in the evidence.  *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).  Plaintiff has not shown a conspicuous absence of credible choices or that there is no contrary medical evidence.  *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988).  Rather, the ALJ's decision to not include manipulative limitations in the RFC is supported by substantial evidence.  Accordingly, Plaintiff's objections concerning the effect, if any, of such manipulative limitations on her ability to perform her past relevant work are moot.

## Conclusion

The Court reviews objected-to portions of the Report and Recommendation de novo.  Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding and recommendation to which objection is made.").  The Court conducting a de novo review examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), superseded on other grounds by statute, 28 U.S.C. § 636(b)(1) (extending the

3

time to file objections from ten to fourteen days).  Having made a de novo review of the written objections filed by Plaintiff in response to the Report and Recommendation, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit.

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation (Docket No. 16) is **ADOPTED**.  The Commissioner's final decision is **AFFIRMED** and this civil action is **DISMISSED WITH PREJUDICE**.  All pending motions are **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **24th** day of  **September, 2020.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE